UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JESSIE WILLIAMS, JR. | CIVIL ACTION |
| VERSUS | NO. 10-879 |
| ST. CHARLES PARISH<br>SHERIFF OFFICE ET AL. | SECTION "A"(2) |

## REPORT AND RECOMMENDATION

Plaintiff, Jessie Williams, Jr., is an inmate currently incarcerated in the River Correctional Center in Ferriday, Louisiana. He filed this complaint pro se and in forma pauperis pursuant to 42 U.S.C. § 1983 against the St. Charles Parish Sheriff's Office - Office of Adult Service South Jail, Sheriff Greg Champagne and Nelson Coleman Correctional Center employees Warden John Nowak, Medical Director Kecia Charles, Tiffany Jones, Theresa Brimmer, Robert Dale and Shannon Brooks. Plaintiff's complaint asserts numerous claims, including that, while incarcerated in the Nelson Coleman Correctional Center, he was subjected to various unconstitutional conditions of confinement and denied proper medical and dental care, adequate access to the law library and legal assistance. Plaintiff further alleges that he was improperly charged for items/services at the jail and that favoritism was shown in the transfer of inmates.

Plaintiff seeks monetary compensation and transfer to another prison facility. (Record Doc. No. 1, Complaint).

One defendant, the "St. Charles Parish Sheriff's Office," has filed a motion to dismiss plaintiff's claims "for failure to state a claim for which relief can be granted, insufficient process, and insufficient service of process <u>as there is no legal entity capable of being sued</u> known as the St. Charles Parish Sheriff's Office." Record Doc. No. 19 (emphasis added). I ordered plaintiff to submit a written response to defendant's motion, and he has done so. Record Doc. Nos. 27, 32 and 33.

For the following reasons, **IT IS RECOMMENDED** that defendant's motion to dismiss be **GRANTED.**

## ANALYSIS

I. STANDARD OF REVIEW

Defendant's motion to dismiss was filed pursuant to Fed. R. Civ. P. 12(b)(6). In two recent opinions, the United States Supreme Court clarified the standard for reviewing a motion to dismiss. <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937 (2009); <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544 (2007). The Fifth Circuit has explained the Supreme Court's current standard as follows.

> When reviewing a motion to dismiss, we must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party. However, "[f]actual allegations must be enough to raise a right to relief above the speculative level." "'To survive a motion to

dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" The Supreme Court in Iqbal explained that Twombly promulgated a "two-pronged approach" to determine whether a complaint states a plausible claim for relief. First, we must identify those pleadings that, "because they are no more than conclusions, are not entitled to the assumption of truth." Legal conclusions "must be supported by factual allegations."

Upon identifying the well-pleaded factual allegations, we then "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."

Rhodes v. Prince, No. 08-10794, 2010 WL 114203, at *1-2 (5th Cir. Jan. 12, 2010) (quoting Iqbal, 129 S. Ct. at 1949, 1950; Twombly, 550 U.S. at 555; Gonzales v. Kay, 577 F.3d 600, 603 (5th Cir. 2009)) (citing Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996)).

The Supreme Court emphasized that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to survive a motion to dismiss. Iqbal, 129 S. Ct. at 1949. The facial "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (quotation omitted).

3

At least one post-Twombly Fifth Circuit panel reiterated the familiar concept that motions to dismiss for failure to state a claim are viewed with disfavor and are rarely granted. Rodriguez v. Rutter, 310 Fed. Appx. 623, 2009 WL 301835, at *3 (5th Cir. 2009) (citing Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000); Kaiser Alum. & Chem. Sales v. Avondale Shipyards, 677 F.2d 1045, 1050 (5th Cir. 1982)); accord Test Masters Educ. Servs., Inc. v. Singh, 428 F.3d 559, 570 (5th Cir. 2005) (citing Shipp v. McMahon, 199 F.3d 256, 260 (5th Cir. 2000)).

## II. DEFENDANT'S MOTION TO DISMISS

Counsel for the St. Charles Parish Sheriff's Office correctly argues in its motion that plaintiff's complaint against the St. Charles Sheriff's Office should be dismissed for failure to state a claim because "there is no legal entity capable of being sued known as the St. Charles Parish Sheriff's Office."

Section 1983 claims may be asserted only against "persons" as the statute and case law define that term. The St. Charles Parish Sheriff's Office is not an entity that can be sued under Section 1983 because it is not a juridical entity under state law capable of being sued and/or because it is not a person for purposes of suit under Section 1983. Cozzo v. Tangipahoa Parish Council-President Gov't, 279 F.3d 273, 283 (5th Cir. 2002) (citing Ferguson v. Stephens, 623 So. 2d 711, 714 (La. App. 4th Cir. 1993)); Brown v. Richland Det. Ctr., No. 06-0279, 2006 WL 1675413, at *4 (W.D. La. May 4, 2006);

Ruggiero v. Litchfield, 700 F. Supp. 863, 865 (M.D. La. 1988). The State of Louisiana grants no such legal status to any parish sheriff's office. Liberty Mutual Ins. Co. v. Grant Parish Sheriff's Dep't, 350 So. 2d 236 (La. App. 3d Cir. 1977). The sheriff's department is not a "person" for purposes of Section 1983 liability. Calhoun v. Sanderson, No. 01-3765, 2003 WL 1595088, at *5 (E.D. La. Mar. 25, 2003); Creppel v. Miller, No. 92-2531, 1993 WL 21408, at *1 (E.D. La. Jan. 22, 1993).

Plaintiff has named suable persons as defendants, including the St. Charles Parish Sheriff and some of his deputies. Neither this motion nor this report and recommendation relate to those other defendants, and further proceedings concerning them will be conducted pursuant to 28 U.S.C. § 1915A. Under these circumstances, all claims against the St. Charles Parish Sheriff's Office must be dismissed as legally frivolous, and Williams has failed to state a claim upon which relief can be granted as to this particular defendant. Defendant's motion to dismiss should be granted.

## RECOMMENDATION

**IT IS RECOMMENDED** that the motion of defendant St. Charles Parish Sheriff's Office to dismiss plaintiff's claims against it be GRANTED, and that plaintiff's claims pursuant to 42 U.S.C. § 1983 against the St. Charles Parish Sheriff's Office be **DISMISSED WITH PREJUDICE** as legally frivolous and/or for failure to state a claim

under 28 U.S.C. § 1915(e)(2). Further proceedings appear to be required concerning the remainder of this case.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[1]

New Orleans, Louisiana, this __26th__ day of May, 2010.

　　　　　　　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　　　　　　　　JOSEPH C. WILKINSON, JR.
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

---

[1] <u>Douglass</u> referred to the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.

6